UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:08-CV-559-RJC-DCK

| | |
|---|---|
| **DIAGNOSTIC DEVICES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| **TAIDOC TECHNOLOGY CORP.,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Intervene" (Document No. 33) jointly filed on February 23, 2008, by Pharma Supply, Inc. ("Pharma") and National Home Respiratory Service, Inc., d/b/a Diabetic Support Program ("DSP"). Having carefully considered the record in this case, the undersigned will **grant** the motion as follows:

### I. Background

Diagnostic Devices, Inc. ("Diagnostic") has filed two cases in the United States District Court for the Western District of North Carolina involving related issues. See *Diagnostic Devices v. Taidoc*, Case No. 3:08-cv-559 (wholesaler v. manufacturer) and *Diagnostic Devices v. Pharma Supply, National Home Respiratory Service, Inc. ("DSP"), Frank Suess, Diabetic Supply of Suncoast, Inc., and Dan Dennis*, Case No. 3:08-cv-149 (wholesaler v. competitors).

In the present case, the amended complaint indicates it seeks "a temporary restraining order, preliminary and permanent injunction to prevent (a) further defamation of [Diagnostic's] products and business; (b) further breach, by a Taiwanese manufacturer, of the exclusivity and confidentiality provisions of an exclusive supply contract for the sale of blood glucose meters and related strips; and

(c) further trademark infringement." The amended complaint asserts the following claims: 1) libel *per se* (injunctive relief and damages); 2) libel; 3) breach of contract – specific performance and preliminary injunction; 4) breach of contract - damages; 5) tortious interference with prospective advantage; 6) Lanham Act unfair competition; and 7) unfair competition under state law. (Document No. 14, p. 1).

Defendant Taidoc counterclaims for: 1) breach of contract, 2) declaratory judgment for non-infringement pursuant to 28 U.S.C. § 2201, 3) federal unfair competition under 15 U.S.C. § 1125(a)(1)(A), and 4) declaratory judgment for termination of agreement pursuant to 28 U.S.C. § 2201. (Document No. 31, pp. 24-27).

The second case is *Diagnostic Devices v. Pharma Supply, National Home Respiratory Service, Inc. ("DSP"), Frank Suess, Diabetic Supply of Suncoast, Inc., and Dan Dennis*, Case No. 3:08-cv-149 (wholesaler v. competitors). The complaint seeks "permanent injunction to prevent further unfair competition and tortious interference with exclusive supply contract, and for damages resulting from such unfair competition and tortious interference." (Document No. 1-2, p.3). The claims include: 1) tortious interference with contractual relations with Taidoc; 2) tortious interference with prospective advantage; 3) unfair competition; 4) defamation; 5) slander *per se*; 6) and injunctive relief. Plaintiff seeks "a permanent injunction prohibiting Defendants from further inducing Taidoc to breach its Exclusive Contract with [Diagnostic]." (Document No. 1-2. p. 13, ¶63).

The Defendants counterclaim for: 1) unfair competition and false advertising in violation of the Lanham Act; 2) unfair competition in violation of N.C.G.S. § 75-1.1); and 3) breach of contract. (Document No. 39, pp. 18-19).

## II. Issues before the Court

The Court must determine whether to allow Pharma and DSP (defendants in Case No. 3:08-cv-149-RJC) to intervene in this case (Case No. 3:08-cv-559) for the stated limited purpose of opposing the Plaintiff's "Motion for Temporary Restraining Order and Preliminary Junction" and participating in any appeals arising from the TRO decision. (See Document Nos. 15-21). Pharma and DSP bring their motion pursuant to Rule 24 of the Federal Rules of Civil Procedure. Part (a) of Rule 24 provides for "intervention of right," and part (b) of Rule 24 provides for "permissive intervention." The proposed intervenors do not specify which section of the rule they are moving under, so both will be considered in turn.

## III. Analysis

### A. Intervention of Right

Rule 24(a) provides for intervention of right as follows:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed.R.Civ.P. 24(a).

The proposed intervenors do not contend that a statute confers a right to intervene in this case. Under Rule 24(a)(2), the movants must (1) timely apply, (2) have "an interest relating to the property or transaction [that] is the subject of the action," and (3) be "so situated that the disposition of the action may ... impair or impede the applicant's ability to protect that interest," (4) "unless that

applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2); *In re Richman*, 104 F.3d 654, 659 (4th Cir.1997); *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

With respect to timeliness, courts may consider factors such as "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." *Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 478 (M.D.N.C. 2005) *(*quoting *Scardelletti v. Debarr*, 265 F.3d 195, 203 (4th Cir. 2001), *rev'd on other grounds, Devlin v. Scardelletti,* 536 U.S. 1 (2002)); *United States v. Municipio De Vega Alta*, 244 F.R.D. 118 (D.P.R. 2007) (holding that the issue of timeliness of a motion to intervene must be considered in light of all of the relevant facts and circumstances in particular case; ultimately, it is within the court's discretion).

The present case is still at a relatively early stage. The proposed intervenors filed their motion in advance of the TRO hearing, which is scheduled for the morning of March 20, 2009. This matter has been briefed by the respective parties. Intervention for purposes of presenting oral argument at the TRO hearing should not cause any undue delay that would prejudice the other parties. In fact, Defendant Taidoc indicates in its response that it consents to and supports the requested intervention. (Document No. 36). Although Diagnostic opposes the requested intervention, it does not argue that the motion to intervene is untimely in any way. Under all these circumstances, the motion to intervene should be deemed timely.

With respect to the second and third factors, i.e. whether Pharma and DSP have "an interest relating to the property or transaction [that] is the subject of the action"and whether the movants are

"so situated that the disposition of the action may ... impair or impede [their] ability to protect that interest," the proposed intervenors explain that:

> 1) Diagnostic and Pharma are competitors in the wholesale market for blood glucose meters and test strips;
> 2) Diagnostic and Pharma market these products under various brand names;
> 3) Taidoc sells these products to Pharma, which resells the items to other wholesale customers, including DSP; and DSP markets these items directly to diabetic persons;
> 4) Diagnostic seeks a TRO and/or preliminary injunction to prevent Taidoc from selling certain of these products to any company other than Diagnostic;
> 5) Pharma currently sells several categories of product that fall within the description of the products covered by the requested TRO;
> 6) the requested TRO would prevent Taidoc from shipping certain products to Pharma, thereby entirely disrupting the supply of these products to Pharma and DSP;
> 7) Pharma and DSP have no alternate source to obtain these products, and thus, the requested TRO would substantially impair their business, and potentially, the health of the end-users of the product;
> 8) Pharma derives approximately 80% of its revenue from the sale of these products; DSP derives approximately 40% of its revenue from the sale of these products.

In short, Diagnostic is seeking a TRO to enforce its "Exclusive Sales Agreement" with Taidoc, in order to prevent Taidoc from selling certain products to Pharma, DSP, or anyone else. As the sales of these products currently comprise approximately 80% of Pharma's revenue and 40% of DSP's revenue, the proposed intervenors urgently argue that they have "an interest relating to the property or transaction [that] is the subject of the action." See *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (reversing denial of intervention, finding a "significantly protectable interest," and observing that the "[i]ntervenors stand to gain or lose by the direct legal operation of the district court's judgment on ERC's complaint").

Diagnostic argues that Pharma and DSP do "not have a sufficient interest in this matter to warrant intervention." (Document No. 42, p. 1). In support, Diagnostic cites one case from another circuit in support, *MasterCard Intern. Inc. v. Visa Intern. Service Association, Inc.*, 471 F.3d 377 (2d Cir. 2006). The case involved the question of whether MasterCard's contract had a valid right of first refusal to the World Cup sponsorship rights. The court found that the presence of VISA, who held a subsequent contract, was not necessary for a determination of the rights at issue, and thus, VISA was not a "necessary and indispensable party" under Rule 19(a)(1). Fed.R.Civ.P. 19(a)(1). The court pointed out that VISA's ability to protect its interest in its contract would not be impaired.

The present case involves several contracts, but is otherwise significantly different from the VISA case. For example, even though Pharma and DSP are not parties to the "Exclusive Sales Agreement" between Diagnostic and Taidoc, Diagnostic is seeking an injunction (in the related case in this court) prohibiting Pharma from further inducing Taidoc to breach the "Exclusive Sales Agreement" at issue here. (Document No. 13, paragraph 2). Pharma is likely to assert the defense that the "Exclusive Sales Agreement" has been repudiated or is otherwise of no effect. Taidoc in the present case will surely assert a defense relating to alleged invalidity of the "Exclusive Sales Agreement." The defenses in the two lawsuits are thus related. The TRO, if granted, would greatly affect the proposed intervenors and their ability to argue their defense. If Pharma and DSP are not allowed to intervene in the present case, their ability to protect their interests as a practical matter may be impaired or impeded.

With respect to the fourth criteria, i.e. whether the movants' interest is adequately represented by existing parties, an intervenor's burden of showing inadequacy of representation is "minimal." *Westinghouse,* 542 F.2d at 216 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10

(1972)). However, "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Id.*; *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D.W.Va.,1998). The presumption may be overcome if the moving party shows "adversity of interest, collusion, or nonfeasance." *In re Richman*, 104 F.3d at 660. At the TRO hearing, Taidoc will presumably address the validity of the "Exclusive Sales Agreement." Pharma and DSP would presumably address the same issue. Thus, Pharma and DSP appear to have the same objective as Taidoc.

The proposed intervenors point out that they do "not necessarily agree with each and every statement made by Taidoc" in its brief in opposition. (Document No. 33, p. 4, fn.1). However, they do not identify any specific points of disagreement with Taidoc. See, e.g., *In re Hill*, 2008 WL 2331028 (W.D.N.C.) (observing that "the bare representation that his interests are 'not identical' ....does not meet the *Westinghouse* requirement of 'adversity of interest, collusion, or nonfeasance.'").

The parties assert that Taidoc sells products to a number of companies world-wide. The smaller companies, Pharma and DSP, derive a very large percentage of their revenue from the products from Taidoc, and they indicate they have no alternate supplier. This suggests that the degree of relative importance to the intervenors may be far greater than to Taidoc. Indeed, their continued existence may be at stake. Although Pharma and DSP are certainly very interested in the outcome of this case, it is not clear whether they meet all the criteria for intervention of right. The Court need not belabor this further, because Pharma and DSP appear to meet the criteria for permissive intervention.

## B. Permissive Intervention

Rule 24(b) provides for permissive intervention in relevant part as follows:

> (1) *In General*. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> (2) By a Government Officer or Agency.....
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The court may allow intervention if the movant shows that its timely motion to intervene alleges at least one common question of law or fact. *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). In the related case (Case No. 3: 08-cv-149), Diagnostic seeks an injunction prohibiting Pharma from further inducing Taidoc to breach the "Exclusive Sales Agreement" between Diagnostic and Taidoc. (Document No. 13, paragraph 2).[1] Diagnostic attaches a copy of the "Exclusive Sales Agreement" to the Complaint as Exhibit A. For its "fourth affirmative defense," Pharma asserts in its amended answer/counterclaim that its "alleged acts of tortious interference with [this] contract and prospective advantage are justified." (Document No. 39, p.10). Hence, the proposed intervenor, Pharma, has a claim or defense that shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b)(1)(B).

In exercising its discretion regarding permissive intervention, the court must consider any delay and prejudice to the original parties. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1248 (6th Cir.1997); *First Penn-Pacific Life Ins. Co. v. William R. Evans*, 200 F.R.D. 532, 537 (D.Md.

---

[1] The *Pharma* case also involves alleged breach of a separate "Distributorship Agreement" between Diagnostic and Pharma.

2001). Pharma and DSP filed this joint motion seeking only "limited intervention" for purposes of participating at the TRO hearing and subsequent appeals of the TRO order, if any. The trial court can easily limit the length of oral arguments at the TRO hearing and any subsequent briefs on the issues under consideration, so the intervenors' participation at the TRO hearing should not prejudice the adjudication of the original parties' rights in any substantial way. As already noted, Taidoc supports the requested intervention. See *Krispy Kreme*, 231 F.R.D. at 478 (finding no prejudice to other parties and granting permissive intervention).

Intervention here may help avoid inconsistent results and promote judicial economy. *Mahurins Constr. Co. v. Granite RE, Inc.*, 2004 WL 2249489, *1 (D.Kan.2004) (holding that permissive intervention is appropriate to promote judicial efficiency).

Diagnostic argues that if Pharma and DSP want to intervene in this case, they should do so as full parties rather than on a "limited" basis, and their companion case in this Court should be consolidated with the present case. See *Diagnostic Devices, Inc. v. Pharma Supply, Inc., et al*, Case No. 3:08-cv-149. This consolidation issue has not been fully briefed by the parties.

Pharma and DSP cite no authority for "limited intervention." Diagnostic cites only a Chapter 7 bankruptcy case for the proposition that limited intervention of right is not appropriate and that an intervening party must become a party to the lawsuit. *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997). There, the trial court held that the debtors did not satisfy the requirements for intervention of right and thus did not have standing to seek reconsideration of bankruptcy court ruling. *Id* at 659. The Court of Appeals for the Fourth Circuit agreed:

> A showing of intervention as of right affords the intervenor with appellate standing, and is thus vitally important. While 'one who is not an original party to a lawsuit may of course become a party by

> intervention ... one who is not a party ... has no right to appeal.' "
> *Thompson,* 965 F.2d at 1141 (quoting *Karcher v. May,* 484 U.S. 72, 77, 108 S.Ct. 388, 391-93, 98 L.Ed.2d 327 (1987)).

Diagnostic's citation to this case does not answer the question of "limited" permissive intervention. Research reflects various cases where permissive intervention was granted, subject to various restrictions imposed by the trial court. See *Railroad Trainmen v. Baltimore & Ohio R. Co.,* 331 U.S. 519, 524 (1947)("restrictive conditions may be appropriately placed on a permissive intervenor"); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) (observing that "as a permissive intervenor, CNA will have the same rights of appeal from a final judgment as all other parties" and noting that "CNA was given access to discovery information and was permitted to participate to the extent not duplicative of other parties."); *Equal Employment Opportunity Commission v. National Children's Center, Inc.*, 146 F.3d 1042 (C.A.D.C.1998) (vacating the district court's denial of permissive intervention for the limited purpose of obtaining access to discovery materials).

### C. Other Matters

Finally, Diagnostic correctly points out that Rule 24(c) requires a motion to intervene to state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. Fed.R.Civ.P. 24(c). Although the proposed intervenors have not attached a pleading setting out the claim or defense for which intervention is sought, the motion itself makes it quite clear that Diagnostic's request for injunctive relief in the amended complaint is the claim that concerns the proposed intervenors. To the extent that the rule requires that the pleading be attached to the motion to intervene, such omission may easily be resolved.

**IT IS, THEREFORE, ORDERED** that the "Motion to Intervene" (Document No. 33) is **GRANTED as follows**: Pharma and DSP are given leave to permissively intervene for the limited purpose of participating in the TRO hearing on March 20, 2009.

Signed: March 19, 2009

David C. Keesler
United States Magistrate Judge