UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-559-RJC-DCK

| | |
|---|---|
| **DIAGNOSTIC DEVICES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER |
| **TAIDOC TECHNOLOGY CORP.,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Consolidate" (Document No. 63) filed by Diagnostic Devices, Inc. ("DDI "). Taidoc Technology Corp. ("Taidoc") opposes consolidation. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record, including the parties' briefs (Document Nos. 63, 64, 73, 74), the undersigned will **deny** the motion for the following reasons:

### I. Background

DDI seeks to consolidate the following two cases in the United States District Court for the Western District of North Carolina: *Diagnostic Devices, Inc. v. Pharma Supply, Inc., et al* (Case No. 3:08-cv-149-RJC-DCK); and *Diagnostic Devices, Inc. v. Taidoc Technology Corp.* (Case No. 3:08-cv-559-RJC-DCK).

In the *Pharma* case (Case No. 3:08-cv-149), DDI filed suit against various competitors, seeking an "injunction to prevent further unfair competition and tortious interference with exclusive supply contract, and for damages resulting from such unfair competition and tortious interference." (Document No. 1-2, p. 3). The Plaintiff asserts claims for tortious interference with contractual

relations, tortious interference with prospective advantage, unfair competition, defamation, and slander *per se*. The Defendants counterclaimed for unfair competition and false advertising in violation of the Lanham Act, unfair competition in violation of N.C.G.S. § 75-1.1, and breach of contract. (Document No. 39, pp. 18-19).

In the *Taidoc* case (Case No. 3:08-cv-559), DDI filed suit against the manufacturer of the products DDI sells, seeking "a temporary restraining order, preliminary and permanent injunction to prevent (a) further defamation of [Diagnostic's] products and business; (b) further breach, by a Taiwanese manufacturer, of the exclusivity and confidentiality provisions of an exclusive supply contract for the sale of blood glucose meters and related strips; and (c) further trademark infringement." (Document No. 14, p. 1). Plaintiff asserts claims for libel *per se*, breach of contract, tortious interference with prospective advantage, and unfair competition under the Lanham Act and state law. Taidoc counterclaims for breach of contract, declaratory judgment for non-infringement pursuant to 28 U.S.C. § 2201, federal unfair competition under 15 U.S.C. § 1125(a)(1)(A), and declaratory judgment for termination of agreement pursuant to 28 U.S.C. § 2201. (Document No. 31, pp. 24-27).

On March 13, 2009, this Court permitted two Defendants (Pharma and Diabetic Support Program) from the *Pharma* case (Case No. 3:08-cv-149) to intervene in the present case for the limited purpose of opposing DDI's "Motion for Temporary Restraining Order and Preliminary Injunction." (Document No. 49); Fed.R.Civ.P. 24(b)(1)(B). DDI subsequently moved for full consolidation of the two cases.

## II. Analysis

Rule 42 of the Federal Rules of Civil Procedure provides that:

> Rule 42. Consolidation; Separate Trials

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Consolidation "is permitted as a matter of convenience and economy in administration, [but] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Intown Properties Management, Inc. v. Wheaton Van Lines,* 271 F.3d 164, 168 (4th Cir. 2001) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). The party making the motion for consolidation under Rule 42(a) has the burden of persuading the court that consolidation is desirable. 81 A.L.R. Fed. 732.

DDI seeks to consolidate these two cases for purposes of discovery, trial, and any other matters in issue. Taidoc opposes the motion to consolidate and points out that it will be forced to sit through lengthy depositions and other proceedings that do not directly concern it. Taidoc contends that it would be prejudiced and that consolidation would only benefit DDI at Taidoc's expense. (Document No. 73, p. 4).

Although the cases meet the minimal threshold requirement of at least one "common question of fact," numerous significant differences also exist between the two cases, including that: 1) Pharma and DSP are not parties to the "Exclusive Sales Agreement" between DDI and Taidoc; 2) the *Pharma* case involves a different contract, i.e. a separate "Distributorship Agreement" between DDI and Pharma; 3) Taidoc has counterclaimed for money owed by DDI that has nothing to do with the Defendants in the *Pharma* case; 4) the allegations regarding defamation and libel are

unrelated; and 5) the *Pharma* case includes claims regarding alleged communications by Pharma to DDI customers, which again, do not involve Taidoc. See, e.g., *Sidari v. Orleans County*, 174 F.R.D. 275, 282 (W.D.N.Y. 1996) (denying consolidation because it "would complicate the judicial proceedings rather than promote judicial efficiency" and "likely create numerous logistical problems regarding the presentation of evidence which may be admissible (or even relevant) in one case, but not the other").

Finally, Taidoc argues persuasively that consolidation would likely result in jury confusion at trial, as certain companies or individuals would be witnesses in one context and parties in another. Taidoc correctly points out that considerations of convenience and economy must yield to the paramount concern for a fair and impartial trial. (Document No. 73, p. 4).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Consolidate" (Document No. 63) is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 25, 2009

David C. Keesler
United States Magistrate Judge